## Castellucci et ux., Appellants, *v.* Columbia Gas of Pennsylvania, Inc.

Argued April 11, 1973. Before WRIGHT, P. J., WAT-KINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Frank J. Kernan*, with him *Plowman and Spiegel*, for appellants.

*Clyde W. Armstrong*, with him *Thorp, Reed & Armstrong*, for appellee.

OPINION BY SPAULDING, J., September 19, 1973:

This is an action in ejectment. Appellants Joseph A. Castellucci and Louise D., his wife, brought this action against appellee Columbia Gas of Pennsylvania, Inc., alleging that appellee had constructed a pipeline outside of an easement described in a right of way agreement between appellee and appellants' predecessor in title. The case was tried without a jury before Judge PRICE of the Court of Common Pleas of Alle-

gheny County. On April 19, 1972, the court found for appellee Columbia Gas, and on October 16, 1972, ordered appellants' exceptions dismissed and entered judgment for the appellee. Appellants appeal from this order.

In 1960, Columbia Gas decided to replace a pipeline which it had maintained for some time through the property involved here with a new one, and following completion, to abandon the old line.[1] The new course through the tract was plotted in March 1960, and a right of way agreement was prepared and presented to the owner, Mrs. Minnie Yahres, appellants' predecessor in title. Appellant Joseph Castellucci, who was negotiating with Mrs.Yahres for the purchase of the property, objected to the location of the proposed new easement. To avoid jeopardizing the sale, Mrs. Yahres suggested that appellee's employee meet with Castellucci to work out an acceptable path for the pipeline.

On May 27, 1960, the day after the appellant and appellee's representatives met at the property site, Mrs. Yahres signed a revised right of way agreement, which was recorded on August 30, 1960. The agreement stated, inter alia, that it was: ". . . an easement or right of way to construct a 8 inch or smaller pipeline and appurtenant equipment . . . over and through all that certain tract of land . . . sketch attached hereto and made a part hereof."

The sketch was drawn to a scale of one inch equals two hundred feet, allowing the entire 4.8 acres to be represented on a portion of a sheet of "legal size" paper, within a space five inches by two inches. There were three lines drawn on the sketch cutting through the property which were identified as pipelines and labeled,

---

[1] There is no question as to the location or propriety of this old pipeline.

"to be abandoned", "proposed gas line", and "approximate new location".

The land subject to this easement was conveyed by Mrs. Yahres, on August 31, 1960, to Castellucci who later reconveyed it to his wife and himself. The new pipeline was built sometime after the conveyance to Castellucci but before March 29, 1961. The pipeline runs roughly parallel to the tract's southern boundary, about forty-five feet from the property line. It follows the toe of a slope which descends from railroad tracks that mark this southern border. Appellant testified that upon inspecting his land, after having been told that construction had begun, he discovered that the new pipeline then almost completed, had been built some thirty feet north of where he believed the easement actually provided. He had approved Mrs. Yahres signing the easement only after the discussion of its location with appellee's representatives. Appellants claimed at trial that the position of the pipeline deprived them of the use, profit, and enjoyment of their land.

Appellant argues on this appeal that the right of way granted for the pipeline can be clearly established from the language of the easement deed itself. He further contends that the trial court erred in allowing extrinsic evidence in the form of oral testimony to explain or vary the terms of the written agreement. Appellee argues that the pipeline was built within the area contemplated by the parties. Appellee also contends that the trial judge was correct in admitting extrinsic evidence to show the intent of the parties and the circumstances surrounding the making of the agreement, since the exact location of the proposed pipeline was unclear from the instrument itself.

The law of this Commonwealth governing the construction of written contracts has long been established. The court must first look to the documents themselves.

*Ryan v. Hudak,* 409 Pa. 211, 185 A. 2d 570 (1962);
*Nallin-Jennings Park Co. v. Sterling,* 364 Pa. 611, 73
A. 2d 390 (1950); *Witman v. Stichter,* 299 Pa. 484, 149
A. 725 (1930). "Contracts must receive a reasonable
interpretation, according to the intention of the parties
at the time of executing them, if that intention can be
ascertained from their language." *Percy A. Brown &
Co. v. Raub,* 357 Pa. 271, 287, 54 A. 2d 35, 43 (1947).
Accord, *New Charter Coal Company v. McKee,* 411 Pa.
307, 191 A. 2d 830 (1963). If the instrument or a portion
of it is obscure or ambiguous and the intention of the
parties cannot be reasonably ascertained from the lan-
guage of the writing alone, then extrinsic evidence can
be examined and consideration may be given to the
subject matter involved and the circumstances sur-
rounding the execution. *Stewart v. Chernicky,* 439 Pa.
43, 266 A. 2d 259 (1970); *Merrill v. Manufacturers
Light and Heat Co.,* 409 Pa. 68, 185 A. 2d 573 (1962).

The Pennsylvania Parol Evidence Rule, as original-
ly set forth in the frequently-cited case of *Gianni v. R.
Russell & Co.,* 281 Pa. 320, 323, 126 A. 791, 792 (1924),
states that between two parties, a writing is "not only
the best, but the only, evidence of their agreement . . .
and unless fraud, accident or mistake be averred, . . .
its terms cannot be added to nor subtracted from by
parol evidence." Our Supreme Court, however, has con-
sistently held that the Parol Evidence Rule does not ap-
ply to the admission of oral testimony to show both the
intent of the parties and the circumstances attending
the execution of a contract when it is necessary to
clarify or explain an ambiguous or vague term. *Stewart
v. Chernicky,* supra; *Merrill v. Manufacturers Light
and Heat Co.,* supra; *Herre Bros., Inc. v. Rhoads,* 208
Pa. Superior Ct. 357, 222 A. 2d 486 (1966).

There was no question as to appellee's having a
right of way over appellants' land. This dispute arose,

however, as to the location of the easement. Appellants contend that the location of the proposed pipeline was certain, and therefore the word "approximate" in the label "approximate new location" meant that the pipeline could only vary a few feet from this location when constructed. The notes of testimony disclose that the trial judge did not feel he could fix the exact location of the proposed right of way from an examination of the written instrument and sketch alone. In view of the total record, the judge's request that the word "approximate" be defined, was a request for an explanation as to the meaning of the entire phrase in relation to the line on the map, and to the land itself. To accomplish this, the court below admitted extrinsic evidence relevant to the intent of the parties at the time of the agreement.

Our examination of the instrument signed by appellee and Mrs. Yahres, appellants' predecessor in title, reveals that the written words of the agreement grant Columbia Gas of Pennsylvania a right of way across the land, but do not describe by way of monuments, metes and bounds, or otherwise, its location. Instead the instrument states that a "sketch is hereby attached and made part hereof". We must now decide whether this sketch is ambiguous as to the location of the grant, so that the trial court's admission and use of parol evidence was proper.

This drawing is referred to in the body of the deed as a "sketch" and not as a survey. In this modification of the original proposed new location of the pipeline, the label "approximate new location" could be reasonably interpreted in several ways. It could indicate the general area of the easement on the map only, as drawn without a survey; or it could indicate the exact location, if plotted, allowing for a minor deviation of several feet. The first construction would cer-

tainly encompass the area of the pipeline "as built", while the second construction would not. On this sketch one inch represents two hundred feet, making it very difficult to say exactly where an unsurveyed line would lie on the land. It seems neither reasonable nor wise for parties to rely on a map drawn to such a small scale.

Our reading of the agreement leads us to no definite conclusion concerning the intention of the parties on this disputed item. This creates an ambiguity in the location of the pipeline which cannot be resolved from the language of the instrument itself and which requires further evidence. Again, the primary rule of construction is that the "intention of the parties is controlling, and where the intention is not clearly expressed, and there is doubt or ambiguity, resort may be had to the surrounding circumstances to ascertain the intention of the parties." *Herre Bros., Inc. v. Rhoads,* supra. Accord, *Kennedy v. Erkman,* 389 Pa. 651, 133 A. 2d 550 (1957). The trial judge acted properly in admitting oral testimony, not for the purpose of varying the terms of the agreement as appellant contends, but rather to clarify and define them.

Once parol evidence is admitted, the intent of the parties as well as the credibility of the witnesses, becomes a question of fact to be determined by the fact finder. A lower court's finding relevant to persons' intent will not be overturned on appeal unless the record contains convincing evidence which has been capriciously disregarded and which is inconsistent with the lower court's findings. *Yuhas v. Schmidt,* 434 Pa. 447, 258 A. 2d 616 (1969) ; *Hankin v. Goodman,* 432 Pa. 98, 246 A. 2d 658 (1968).

We conclude here that the trial judge's findings of fact concerning the intentions of the parties, as well as

his construction of the easement were both reasonable and supported by the evidence.

The order of the court below is affirmed.