364 A.2d 350
**Sonia F. KOHN**
**v.**
**Merle G. KOHN, Appellant.**
Superior Court of Pennsylvania.
Sept. 27, 1976.
Rehearing Denied Oct. 20, 1976.

436

438

Samuel W. Salus, II, Albert Momjian, Philadelphia, for appellant.

Jerome L. Markovitz, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal is taken by appellant-husband from an order of the lower court holding him in breach of a separation contract. The principal issue on appeal is whether

the trial court erred in refusing to receive evidence that the parties used the term "alimony" to mean "child support."

On November 20, 1972, the parties herein, formerly husband and wife, executed a separation agreement which was to take effect upon their divorce. The agreement provided, inter alia, that the wife would have custody of the two minor children, then ages 8 years and 10 years. The pertinent provisions of the separation agreement are found in the following paragraph:

"12(a) Husband shall pay to Wife as alimony the annual sum of Ten Thousand Six Hundred Seventy Dollars ($10,670.00), in weekly installments of Two Hundred Five Dollars and Nineteen Cents ($205.19), commencing one (1) week after the date of the aforesaid Divorce Decree, and continuing weekly thereafter until

(1) Wife's death;

(2) Husband's death;

(3) Wife's remarriage; or

(4) April 22, 1985, the date of Douglas' twenty-first birthday

whichever event first occurs, at which time Husband's obligation herein shall terminate.

"12(b) Husband's obligation to make the aforesaid alimony payments shall be reduced upon the emancipation of his child Douglas, or upon his graduation from high school, whichever event first occurs, at which time his alimony payments shall be reduced to One Hundred Forty Dollars ($140.00) per week, all other provisions herein to remain applicable.

"16. Wife shall have the custody of the minor children of the parties subject to liberal visitation rights for Husband. Husband shall have the right to participate with Wife in advising, guiding and directing the chil-

dren's education, and in all other matters normally considered by parents insofar as children are concerned."

A supplemental agreement, also pertinent, is as follows:

"This Agreement made between Merle G. Kohn, of New York City, New York, hereinafter called 'husband' and Sonia F. Kohn, of Jenkintown, Pennsylvania, hereinafter called 'wife' is supplemental to an Agreement dated November 20, 1972, and shall amend said Agreement by providing as follows:

A. In the event that the presently existing regulations of the Internal Revenue Code providing that alimony payments are deductible become modified or changed in any respect so that said payments are not deductible by husband, then the payments to be made by Husband shall be modified as follows:

1. Paragraph 12(a); Weekly payments shall be $175.00.

2. Paragraph 12(b); Weekly payments shall be $125.00.

3. Paragraph 12(c); Weekly payments shall be $250.00."

The parties obtained a divorce *a. v. m.* on May 13, 1973. The wife took custody of the children and the husband made the "alimony" payments as provided for in the separation agreement. However, on February 24, 1974, the husband gained custody of both children and thereafter stopped making any payments to the wife. Four months later, a court order awarded custody to the husband.

The plaintiff-wife brought an action in assumpsit in the Court of Common Pleas of Philadelphia to recover payments allegedly due her under the agreement. The defendant-husband contended the payments were intended by the parties as child support payments, but designated as alimony for tax reasons, and asserted that his obligation to make the specified payments terminated when the plaintiff lost custody of the children.

In a non-jury trial the court found for the plaintiff. The trial judge held that the separation agreement was clear and unambiguous, and sustained plaintiff's objections to defendant's offer of parol evidence of the parties' intent in designating the payments as alimony. The judge concluded that defendant's obligation to make payments to the plaintiff had not terminated because none of the four specified conditions under paragraph 12(a) for termination had occurred. However, the court reduced the payments from $205.19 a week to $140.00 per week on the grounds that plaintiff's loss of custody was tantamount to emancipation of the younger child as contemplated in Paragraph 12(b) of the agreement. Defendant appealed to this court.

The issue to be decided here is what was [the] meaning that the parties intended when they used the word "alimony" in the agreement. In construing the separation agreement we are cognizant of certain well-established rules of contract construction. In general the court must adopt the construction which gives effect to the parties' reasonable and probable intent, in view of the surrounding circumstances and purposes of the contract. *Unit Vending Corp. v. Lacas*, 410 Pa. 614, 190 A.2d 298 (1963); *Wiegand v. Wiegand*, 349 Pa. 517, 37 A.2d 492 (1944). And, although a word is generally used for its ordinary meaning, the context of the instrument may indicate it was used in a different sense. *Huffman v. Huffman*, 106 Pa.Super. 241, 161 A. 444 (1932), *rev'd on other grounds,* 311 Pa. 123, 166 A. 570 (1933). If the meaning of a term is not clear, parol evidence is admissible to resolve the ambiguity, but not to alter the terms of the contract. *Castellucci v. Columbia Gas, Inc.*, 226 Pa.Super. 288, 310 A.2d 331 (1973); *Herre Bros. v. Rhoads,* 208 Pa.Super. 357, 222 A.2d 486 (1966).

Turning to the separation agreement itself, appellee contends the language and terms of the contract are clear. She points out the contract specifies alimony payments,

not child support. Furthermore, the separation agreement vacated a pre-existing support order for approximately the same net amount for the benefit of the children and her. Appellee asserts she would be helpless without these payments, and she relied on them when the divorce was obtained.

Appellant contends the provisions of the contract as a whole and surrounding circumstances clearly indicate that the parties used the term "alimony" to mean child support. Appellant contends further that the termination point for support as provided under Paragraph 12(a) and the reduction point of support under 12(b) clearly demonstrate that the payments were not for the wife's alimony but the children's support. He points further to the provisions of Paragraph 16 which provide that his wife shall have custody of the minor children as a further argument that support was intended for the children and conditioned on his wife's custody of the children.

 We agree that the court erred in refusing to receive evidence of the parties' intended meaning of the word "alimony." As the Restatement of Contracts, Second § 240 provides: "Agreements and negotiations prior to or contemporaneous with the adoption of a writing are admissible in evidence to establish . . . the meaning of the writing, whether or not integrated . . . ." Although there is Pennsylvania law stating that "parol evidence may not be introduced unless the language of the written agreement is ambiguous on its face,[1] this principle is substantially undercut by a competing proposition that extrinsic facts and circumstances may be proved to show that language apparently clear and unambiguous on its face is, in fact, latently ambiguous. See, e. g., *Easton v. Washington County Ins. Co.*, 391 Pa. 28, 35–36, 137 A.2d 332 (1957). At the very least the term "alimony," especially when used in separation agreements, may be described as latently ambiguous.

1. See generally 15 P.L.E., Evidence § 331.

According to Black's Law Dictionary there is no clear meaning of the word alimony which, in a broad sense, also means child support. Black's Law Dictionary 97 (4th ed. 1957). Furthermore, as is generally known to practitioners in family law, there is an excellent reason to use the term alimony to mean payments intended exclusively as child support, or to mean payments intended partially as wife support and partially as child support. Sections 71 and 215 of the Internal Revenue Code [2] permit the husband to deduct alimony payments for income tax purposes even though the parties to the agreement intend the payments as child support. *Commissioner of Internal Revenue v. Lester*, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961). Fashioning an agreement with tax consequences in mind is both appropriate and legitimate. *Fox v. United States*, 510 F.2d 1330 (3 Cir. 1975). Given the parties' mutual interest in increasing the total income available to support their children, it is obvious that they would choose such language to save taxes and, in effect, pass the savings on to the children, in the form of increased support.

Two Pennsylvania cases have held specifically that payments were designated as alimony for tax reasons, but were intended as child support. In *Commonwealth ex rel. Pasternack v. Pasternack*, 91 Montg. 132 (1967), *affd.*, 215 Pa.Super. 728, 255 A.2d 592 (1969), the court interpreted a separation agreement incident to a support order. The agreement required the husband to pay the wife "alimony," which would be reduced when one child reached the age of 21 and extinguished when the other child reached that age. The obligation would be reduced or eliminated if one or both children ceased residing with the wife. After considering the contract as a whole, the court held that the "alimony" payments were intended entirely as child support, with tax consequences in mind. Although distinguishable from the instant case because

2. 26 U.S.C.S. §§ 71, 215 (1974).

the obligation was expressly reduced or terminated if either child's residency changed, *Pasternack* holds that parties to a separation agreement may intend to provide for child support, but use the term "alimony" for tax reasons.

The second Pennsylvania case, *Commonwealth ex rel. Feldman v. Feldman,* 93 Montg. 286 (1970), *aff'd,* 219 Pa. Super. 743, 280 A.2d 393 (1971), also involved the construction of a separation agreement incident to a support order. The agreement provided "alimony" payments to the wife, in addition to separate child support payments. Even though the alimony payments were to be made to the wife for life or until she remarried, the court held that some part of the "alimony" payments were intended for child support. Again, the court recognized that tax consequences are generally given consideration in separation agreements, and construed the document with that reality in mind.

In this case there are several provisions of the separation agreement which indicate that the tax consequences prompted the parties' use of the term "alimony" while intending child support. It was specified that appellant would deduct the alimony payments for federal income tax purposes, and appellee would include them as income. Appellant was to claim the children as exemptions. A supplemental agreement provided that if Internal Revenue Code Regulations were changed so that alimony were no longer deductible, the payments under the agreement would be reduced.

Besides tax-oriented provisions, numerous other provisions indicate the parties intended primarily to provide for the children: 1) as stated above the payments are to be reduced or terminated based on the ages and expected needs of the children; 2) on appellee's remarriage appellant is obligated for child support in an amount mutually agreed or set by court order; 3) no other provision for payments of child support are contained in the agreement except the payments coming from the provision

under "alimony"; 4) no provisions are made for wife's support after the children reach the age of 21. Hence, the court erred when it refused to admit "parol evidence" in order to interpret the contract.

Having discussed the preliminary question relating to the meaning of alimony, we come to the primary issue in the case: whether appellee's loss of custody of the children relieves appellant of his obligation under the agreement to make "alimony" payments. Appellee contends that even if alimony comprehends child support, the agreement specifies only four events upon which appellant's obligation to pay "alimony" is extinguished, and loss of custody is not one of them, so that appellant must continue to make payments as per the agreement. Once again we disagree that such a literal and restricted application of the express terms of the written agreement is necessary.

As Professor Corbin has stated:

"It very often happens that when two parties are trying to integrate their agreement in a writing they omit to state some fundamental assumption on the basis of which, as both of them well know, the agreement is being made. The mere existence of the writing should never be held to exclude testimony of such an unstated fundamental assumption. The truth of this assumption—the existence of the fact that is assumed—is a condition of the obligation of the written promise; and this is so whether we describe it as a "constructive" condition or as an "implied" condition. . . . [The parties] put into words their agreement on obviously necessary items, without foresight as to the events of the future, leaving unexpressed some of the fundamental assumptions of which they may be either clearly or only partly conscious. Justice requires the courts, with the advantage of hindsight, to fill some of these gaps. Evidence of the facts tending to show

that such a fundamental assumption was made, though not expressed in the writing, should never be excluded by any 'parol evidence rule.'" 3 Corbin on Contracts § 590 (1960).

Appellant points to the provision of Paragraph 16 that "the wife shall have custody of the minor children," and argues that custody of the children was intended to be a condition of his duty to make the alimony, even though it was not expressly stated to be such. Any term of a contract may be treated as a condition if the evidence indicates that it was so intended by the parties. *Feinberg v. Automobile Banking Corp.*, 353 F.Supp. 508, 513 (E.D.Pa.1973); 3 Corbin on Contracts § 579 (1960); 3A Corbin on Contracts § 653 (1960); 8 P.L.E. Contracts § 261 (1971); cf. *Sharp v. McKelvey*, 196 Pa. Super. 138, 172 A.2d 580 (1961). No particular form of words is necessary to make a term of an agreement a condition of a duty; and, in general, the usual rules of contract interpretation should be employed in light of the general purpose of the agreement. Restatement of Contracts, Second § 252, Comment a (1973). Indeed, it may be that the parties intended custody of the children to be both a promise and a condition. Murray on Contracts § 146 (Rev. ed. 1974).

On remand, the court should receive "parol evidence" of the parties' intended meanings of the disputed terms and determine whether appellee is entitled to any or all of the payments termed as alimony. Since, as appellee points out, the alimony payments under the contract equalled the payments which were being made for support of the wife and the children prior to the divorce, even if the court concludes that custody of the children was intended a condition, it may choose not to abrogate entirely appellant's obligation to pay "alimony." It may well be that custody was intended to condition the duty

448

to pay only so much of the alimony as was necessary for child support.

Reversed and remanded for further proceedings consistent with this opinion.

HOFFMAN, J., concurs in the result.

WATKINS, President Judge, and PRICE and VAN der VOORT, JJ., dissent.