## Citizens National Bank v. Wheeler

*Richard J. Audino*, for plaintiff.
*S. Sanford Kantz*, for defendant.

SALMON, *J.*, *Specially presiding*, November 14, 1977 — This suit was filed against defendant above named and also against the estate of James G. Wheeler, deceased, husband of said defendant. Following a pretrial conference on January 29, 1975, plaintiff discontinued as to the said estate and the case now stands as above captioned.

Records of said pretrial conference and of a subsequent pretrial conference on August 19, 1976, are filed and made part of the record. The same were conducted by Honorable Howard W. Lyon, Jr., Judge. In compliance with said pretrial orders, counsel for both parties filed on October 13, 1976, the following issue for determination by the court:

"What is the effect of a variance between words and numbers which express the sum due on a negotiable note in an action between the original parties thereto?"

The case was placed on the argument list and, by reason of the illness of Judge Lyon, was argued before this judge today.

This issue relates to a printed form of promissory judgment note dated September 16, 1970, payable to order of plaintiff bank and signed by James G. Wheeler and Keith K. Wheeler. A photocopy of the note is attached to the complaint and marked Exhibit C. Defendant's answer denies that she signed Exhibit C and denies knowledge of the alleged transaction which brought it into being. We have nothing to do with the forgery issue at this time.

The said Exhibit C reveals the amount of $25,000 in figures in the upper left-hand corner in space provided for that purpose. Below there appear words of promise as part of the printed form "to pay to the order of The Citizens National Bank of New Castle, Pa., at said bank" after which is inserted by pen in words "Twenty-five and no/100-------" followed by the printed words "DOLLARS." This comprises the variance referred to in the question propounded by counsel.

We observe that the note is in a form commonly referred to in banking practice as a collateral note. It contains three blank lines for the purpose of specifying any collateral and on said space is inserted the words "Bond and Mtg." The note also contains a warrant of attorney in usual style which says in part that "The undersigned . . . further, hereby authorize any attorney of any Court of Record in the United States to appear for and con-

fess judgment against me or us as of any term, for said principal sum and accrued interest" etc.

Defendant cites the Uniform Commercial Code and particularly section 3-118 thereof as authority for the proposition that, as provided therein: "Words control figures except that if the words are ambiguous figures control." Act of April 6, 1953, P.L. 3, sec. 3-118(c), as amended, 12A P.S. §3-118(c). Defendant overlooks section 3-102 which provides:

"(1) In this Article unless the context otherwise requires

"  . . .

"(e) 'Instrument' means a *negotiable* instrument." (Emphasis supplied.)

We must determine whether we are dealing with a negotiable instrument before we may apply section 3-118. As above pointed out, this note contains a warrant of attorney to confess judgment as of any term, that is to say, either before or after the note falls due. Such a warrant rendered a note non-negotiable under the Negotiable Instruments Law adopted May 16, 1901, P.L. 194, sec. 5 as amended. See Volk v. Shoemaker, 229 Pa. 407, 78 Atl. 933 (1911); Miners State Bank v. Auksztokalnis, 283 Pa. 18, 128 Atl. 726 (1925); Beutel's Brannan, Negotiable Instruments Law, §5(2), page 289 et seq. (7th ed.). The said section 5 of the N.I.L., now repealed, appears as section 3-112(d) in the Uniform Commercial Code, 12A P.S. §12(1)(d). In Cheltenham National Bank v. Snelling, 230 Pa. Superior Ct. 498, 326 A. 2d 557 (1974), the same result is reached under the Uniform Commercial Code. We are, therefore, dealing with a non-negotiable note. We find nothing in the context of these sections of the code which requires an in-

terpretation that these rules apply to non-negotiable instruments. The rights of these parties depend upon contract law and not upon the law of negotiable instruments.

We thus have a written contract containing an ambiguity. The issue becomes one of determining the intention of the parties. Such issue may be resolved by parol evidence: Watters v. DeMilio, 390 Pa. 155, 134 A. 2d 671 (1957); Scull v. Scull, 109 Pa. Superior Ct. 226, 167 Atl. 496 (1933); Castellucci v. Columbia Gas of Pa., Inc., 226 Pa. Superior Ct. 288, 310 A. 2d 331 (1973).

### ORDER

And now, December 15, 1977, for the reasons set forth in the foregoing opinion, it is ordered that parol evidence which is relevant, from a competent source, and otherwise admissible shall be received to resolve the ambiguity which exists in the promissory note date September 16, 1970, by reason of the discrepancy in the amount of the note as between the writing and the figures which appear thereon.