439 A.2d 760

**Helen B. EANNARINO,**

v.

**August V. EANNARINO, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1981.

Filed Jan. 5, 1982.

Stewart B. Barmen, Pittsburgh, for appellant.

John L. Bailey, Pittsburgh, for appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SHERTZ, Judge:

This is an appeal from an Order compelling Appellant to make alimony payments to Appellee, his ex-wife, in accordance with a separation agreement dated June 5, 1972. The

Chancellor concluded that social security benefits to Appellant were to be considered as "net earnings after taxes" under the terms of the agreement. We agree and therefore affirm.

On March 6, 1978, Appellee brought an action in equity to compel Appellant to provide income tax returns and to make payments in accordance with the separation agreement. Following a hearing, the Chancellor entered an adjudication and decree nisi, on March 20, 1979, ordering Appellant to make payments in accordance with the separation agreement, which payments were calculated by including social security benefits as net income after taxes. On September 17, 1979, the Chancellor entered a supplemental adjudication ordering Appellant to pay Appellee the sum of $7,560.00 based upon a monthly support payment of $360.00 for the period from January 1, 1978, through September, 1979. Appellant filed exceptions to the supplemental adjudication contending that the court erred in including the social security benefits as net income after taxes.

After argument on the exceptions, Appellant filed a petition for reconsideration and on January 7, 1980, the Chancellor entered a Supplemental Decree Nisi on reconsideration, reducing the arrearage to $6,192.40 based on social security payments received directly by Appellee as a consequence of contributions made by Appellant during his years of employment. Appellant timely filed exceptions to the Supplemental Decree Nisi. On March 12, 1980, the court en banc dismissed Appellant's exceptions and ordered that the Supplemental Decree Nisi be entered as a final decree. The order of March 12, 1980, was docketed on March 13, 1980, as required by Pa.R.A.P. 301(c). *See Murray v. Abcon, Inc.*, 291 Pa.Super. 428, 435 A.2d 1301 (1981). This appeal followed.

The sole issue before us on appeal is whether, under the terms of the agreement of June 5, 1972, Appellant's

social security and pension benefits should be included as "net income after taxes." [1]

Appellant and Appellee were divorced in July, 1972. On June 5, 1972, they entered into an Agreement which provides *inter alia*:

"5. It is hereby stipulated and agreed between the parties that the support payments to be provided for the Wife are based on the Husband's net income after taxes as shown on his 1970 Federal Income Tax Return. The support payments herein provided for the Wife shall be adjusted upward or downward in relation to the Husband's income, so that for each 20% increase or decrease in the Husband's net earnings after taxes, the Wife shall receive a respective 20% increase or decrease in her support payments.

5. (a) For purposes of this Agreement, 'net earnings after taxes' shall be exclusive of sums deducted because of support payments to Wife herein provided, and shall include all income whether from employment, private business or self-employment, and investments, whether or not tax-exempt.

5. (b) Husband will, each calendar year, on or before April 15th thereof, furnish to Wife or her representative, copy of Federal Income Tax Return, Profit and Loss Statement, and Capital Accounts Statement."

In 1978 Appellant retired from his position as a corporate accountant. Thereafter, he began to receive social security benefits.

Appellant contends that the phrase "net earnings" requires judicial construction and argues that, since social security benefits were not specifically included in the defini-

---

1. Appellant argues for the first time on appeal that the Chancellor abused his discretion in refusing to excuse or to reduce alimony payments based on the grounds of impossibility and commercial unreasonableness. Since this issue was not raised before the Chancellor, we decline to consider it here. *Com. ex rel. Bulson v. Bulson*, 278 Pa.Super.Ct. 6, 419 A.2d 1327 (1980).

tion of "net earnings," the parties, being aware of the upcoming retirement of Appellant, intended that they be excluded. Appellant also argues that the intention of the parties to exclude social security benefits can be inferred from the fact that Appellee could not expect Appellant to give up one-half of his retirement income. We conclude, however, that we need not construe nor interpret "net earnings" because its meaning is clear from the express language of the Agreement. The definition of "net earnings after taxes", in paragraph 5(a) of the Agreement, referring as it does to "all income", is broad enough to include social security benefits.

When parties define the terms used in a contract, those definitions govern the construction of the contract. *Bey v. Muldoon*, 223 F.Supp. 489 (E.D. Pa. 1963), aff'd, 354 F.2d 1005 (3rd Cir.), cert. denied, 384 U.S. 987, 86 S.Ct. 1888, 16 L.Ed.2d 1004. In construing a contract, a court's paramount consideration is the intent of the parties. If the language of the contract is unambiguous and susceptible of only one interpretation, a court will determine the parties' intention on the basis of the clear wording of the contract. *O'Farrell v. Steel City Piping Co.*, 266 Pa.Super.Ct. 219, 403 A.2d 1319 (1978), *Accord: Mellon Bank, N.A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001 (3d Cir. 1980).

Appellant cites several cases from other jurisdictions interpreting the meaning of various terms such as "earnings," "annual earned income" and "net earnings after taxes." These cases are inapposite, however, since, in each, judicial interpretation of the contractual term was required because the contract provided no definition. As previously stated, the contract here defines the term "net earnings" and therefore no interpretation is required. Similarly, Appellant's reliance on *Department of Labor and Industry v. Unemployment Comp. Bd. of Rev.*, 203 Pa.Super.Ct. 183, 199 A.2d 474 (1964), is misplaced inasmuch as it concerns the construction of "net earnings" under Pennsylvania Unemployment Com-

pensation Law, wherein the term was not defined by the legislature.

Affirmed.

Decision was rendered prior to SHERTZ, J., leaving the bench of the Superior Court of Pennsylvania.