J-A25007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELIZABETH ROBINSON, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MADELINE C. WEISER, M.D., P.C. | : | No. 1242 EDA 2018 |

Appeal from the Judgment Entered April 16, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2011-27436

| | | |
|---|---|---|
| ELIZABETH ROBINSON, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MADELINE C. WEISER, M.D., P.C. | : | |
| | : | |
| Appellant | : | No. 1284 EDA 2018 |

Appeal from the Judgment Entered April 16, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  11-27436

BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

CONCURRING/DISSENTING MEMORANDUM BY KUNSELMAN, J.:**FILED JUNE 27, 2019**

While I agree with the Majority's decision regarding the Employee's issues on appeal, I disagree with the decision regarding the Employer's first and second issues.  I believe that the trial court erred as a matter of law in concluding that the contractual term "net collected receipts" is ambiguous.   I also believe the unambiguous use of that term allowed the Employer to deduct

its cost of the vaccines from the total collected receipts **before** calculating the Employee's compensation. Thus, I dissent from the majority on those two issues and concur with the rest of the decision.

Whether a contract contains ambiguous terms is a question of law. ***Walton v. Philadelphia Nat. Bank.***, 545 A.2d 1383, 1388 (Pa. Super. 1988). "Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation." ***Mazurek v. Russell***, 96 A.3d 372, 378 (Pa. Super. 2014) (citation omitted). "Our standard of review over questions of law is **de novo** and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision." ***Id.*** (citation omitted)

"A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." ***Ins. Adjustment Bureau. Inc. v. Allstate Ins. Co***, 905 A.2d 462, 469 (Pa. 2006). The fact that the parties do not agree upon a proper interpretation does not necessarily render a contract ambiguous. ***Krizovensky v. Krizovensky***, 624 A.2d 638, 642 (Pa. Super. 1993).

Here, the trial court found the term "net collected receipts" ambiguous, and allowed the parties to testify about their individual understanding of this term.[1] I disagree that the term is ambiguous. The term "net" in business

---

[1] Plaintiff testified that there was no written or oral agreement to include the cost of vaccines as part of her "net collected receipts" and that she never

commonly refers to the amount remaining after expenses have been deducted. ***See*** Meriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/net, (last visited 5/16/19) (defining "net" as "free from all charges or deductions: such as: remaining after the deduction of all charges, outlay, or loss"). Otherwise, the parties would have used the term "gross" which refers to the total amount before accounting for any expenses or deductions. ***See id.***, https://www.merriam-webster.com/dictionary/gross, (last visited 5/16/19) (defining "gross" as "consisting of an overall total exclusive of deductions").

Our court has previously found the term net to be unambiguous. ***See Temple University v. Allegheny Health Educ. and Research Foundation***, 690 A.2d 712, 716 (Pa. Super. 1997) (finding "the term *net payment* does not even achieve the need for translation, let alone attain such uncertainty as to invoke the designation *ambiguity* and thereby permit . . . the presentation of extrinsic evidence."); ***Faust v. Walker***, 945 A.2d 212, 214-15 (Pa. Super. 2008) (finding "net proceeds" is not an ambiguous term).

---

would have agreed to include deduction of vaccine costs as part of her agreement with defendant. N.T., 9/6/17/ at 102-03. The court found Dr. Robinson's testimony that there was no agreement to include the cost of vaccines as part of her "net collected receipts" to be credible. Trial Court Opinion, 10/20/2017, at 4. The fact that the trial court found this testimony to be credible is of no consequence; the court should never have considered parole evidence of the parties' understanding of the term "net collected receipts" since the term was not ambiguous. ***See Steuart v. McChesney***, 444 A.2d 659, 661 (Pa. 1982). (explaining "[w]hen the words of a contract are clear and unambiguous, the intent is to be discovered only from the express language of the agreement").

***But see contra Lohmann v. Piczon***, 487 A.2d 1386 (Pa. Super. 1985) (remanding to allow parole evidence to determine the meaning of "net income after taxes" in parties' support agreement).

Because the term is unambiguous, the trial court erred when it considered the Employee's unilateral understanding of this term. The trial court further erred when it completely disregarded the term "net" in calculating the Employee's income under the parties' agreement. The trial court calculated the Employee's salary by taking the total receipts collected and multiplying by 49%. By doing so, the court effectively changed the language in the contract from "net" collected receipts to "gross" collected receipts. That clearly was not the parties' intention, since they specifically used the word "net" in their contract.

Moreover, to hold as the Majority and the trial court have done, requires the Employer to pay twice for the cost of the vaccines. First, the Employer has to pay the vendors who sold it the vaccines, and second, the Employer has to pay 49% of that cost again, when it compensates the Employee. That does not make good business sense, and it is not what the express language of the parties' contract provides.

The fact that the parties did not define this term in their agreement did not render the term ambiguous. The common, unambiguous, use of that word meant the parties agreed that they would deduct expenses from the amount collected before calculating the Employee's percentage of compensation.

As the Employer testified, she did not seek to include other categories of expenses in the "net" calculation, because they were not easily allocable among the Employer's doctors. However, the cost of vaccines was a readily ascertainable expense that could be individually attributed to each employee. As such, it was reasonable, foreseeable, and agreed upon by the parties in the contract that this expense would be deducted as part of "net" receipts, before calculating the Employee's salary.[2]

Based on the terms of the agreement, the Employee's compensation should have been as follows. Total receipts: $424,478.03, less the cost of vaccines, $132,415.62 = $292,062.41, multiplied by 49% = 143,110.58.

The trial court also concluded that, under the terms of the contract, the Employee's malpractice insurance premium should have been deducted **after** calculating the Employee's 49% share of the total receipts. I agree with this legal conclusion. Thus, the Employee's share of the net collected receipts, $143,110.58, less the cost of malpractice insurance $13,147.00 = $129,963.58.

The parties agreed that the Employer should have paid back $810 it improperly deducted from the amount it paid to the Employee. Additionally, the trial court concluded under the facts that the Employee was also due 49% of the vaccine co-pays for October, which totaled $500, for a net compensation

---

[2] Arguably, the Employer could have deducted additional, reasonable business expenses as well to arrive at a true "net" figure before calculating the Employee's 49% share of the total net receipts, but the Employer chose not to attribute any additional expenses to the Employee.

due to the Employee of $245. The record supports these conclusions. Thus, adding these sums to the total above gives the Employee total compensation due under the parties' contract for the third year of $131,018.58.

Because the Employer paid Employee more than this amount for the third year ($137,468.55), and because the Employer did not file a lawsuit seeking reimbursement of any overpayment to Employee, I would vacate the award from the trial court in favor of the Employee and remand for entry of judgment in favor of the Employer on all counts.