# Griffiths *v.* Monongahela Railroad Company, Appellant.

*Equity—Injunctions—Diversion of water course—Waters.*

1. A court of equity will generally grant relief by way of injunction to prevent the continued wrongful diversion of a water course, and such relief may be granted though the complainant has suffered no material damage by reason of the diversion as otherwise the continued diversion might ripen into a prescriptive right, or require a multiplicity of suits.

*Appeals—Preliminary decree—Quashing appeals.*

2. Where in an equity suit an appeal is taken without a final decree having been entered, the appeal will be quashed.

Argued May 9, 1911. Appeal, No. 25, Jan. T., 1911, by defendants, from decree of C. P. Fayette Co., No. 578, in equity, granting permanent injunction in case of John S. Griffiths v. Monongahela Railroad Company, a corporation, and M. J. McMename and L. F. Sims, partners doing business as McMename & Sims. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Appeal quashed.

Bill in equity to restrain diversion of a water course. Before VAN SWEARINGEN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was, among others, the decree of the court.

*W. J. Sturgis,* with him *E. H. Reppert* and *S. J. Morrow,* for appellants.

*D. W. McDonald,* with him *Frank P. Cottom, Harry A. Cottom* and *James R. Cray,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 6, 1911:

The record in this case shows that no final decree has

ever been entered. The findings of the trial judge were filed June 15, 1910, with a decree annexed awarding a permanent injunction. On June 23, 1910, exceptions were filed to the finding and decree. On January 10, 1911, an order was made by which the exceptions were "overruled and dismissed." The former decree, which under the equity rule must be regarded as a decree nisi, was not confirmed, and no other decree was entered. When an appeal is taken without a final decree having been entered, the rule is to quash the appeal. See Watkins v. Hughes, 206 Pa. 526; Kenworthy v. Trust Co., 218 Pa. 286. The proper practice is, for the trial judge to report a form of decree with his findings, which will be entered nisi under the rule. Then, if exceptions are filed, a final decree should be formally entered when the exceptions are disposed of, whether they are sustained or overruled.

It would have been better, if in this case, the trial judge had followed the approved practice of setting forth his findings of fact and his conclusions of law in separate and numbered paragraphs. See Pittsburg Stove & Range Co. v. Penna. Stove Co., 208 Pa. 37; Gaynor v. Quinn, 212 Pa. 362.

This appeal will have to be quashed because there is no final decree. But upon the facts as found by the court below, we have no doubt as to the case being a proper one, for the exercise of equitable relief. "The diversion or obstruction of a water course has been the subject of frequent equitable interference by way of injunction:" Gould on Waters, sec. 534. "A court of equity will generally grant relief by way of injunction to prevent the continued wrongful diversion of a water course, and such relief may be granted though the complainant has suffered no material damage by reason of the diversion, as otherwise the continued diversion might ripen into a prescriptive right, or require a multiplicity of suits:" 30 Am. & Eng. Ency. of Law (2d ed.), 369. Where water has been wrongfully diverted from its proper channel, a mandatory injunction may be granted to restore it: Bispham's Equity,

sec. 400; 1 High on Injunctions, sec. 804; Gould on Waters, sec. 553.

For the reason above noted, the absence of a final decree, the appeal is quashed.