Hankin et al., Appellants, *v.* Goodman.

Argued May 1, 1968. Before Bell, C. J., Musman-no, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*D. Stewart McElhone,* for appellants.

*George C. Corson, Jr.,* with him *Wright, Spencer, Manning & Sagendorph,* for appellees.

OPINION BY MR. JUSTICE EAGEN, October 3, 1968:

On August 23, 1960, George and Faye Goodman sold to plaintiffs ten acres of a seventy-three acre tract of land located in Montgomery County, Pennsylvania. As part of the sale, the Goodmans agreed to certain restrictions on the use of the sixty-three acres they retained. The agreement containing the restrictions provided as follows: "Whereas, the parties hereto have heretofore on the 2nd day of December 1959, entered into an agreement of sale whereby Grantors agreed to convey to Grantees a certain lot or piece of ground situate in Upper Moreland Township, Montgomery County, Pennsylvania, containing ten (10) acres, more particularly described in a deed from Grantors to Grantees dated the same day as this agreement and intended to be forthwith recorded at Norristown and wherein the Grantors further agreed in said Agreement of Sale to impose certain restrictions on the remainder of the 73.566 acre tract owned by Grantors, out of which the said ten (10) acres is being conveyed and, . . . Whereas it is the desire of the parties hereto to herein set forth the aforementioned restrictions

in full detail, Now therefore: . . . Grantors for themselves, their heirs and assigns, agree to and with the Grantees, their heirs and assigns, that the following restrictions be placed upon the remainder of the approximately 73.566 acres tract, . . . . 1. On the land South of Transac Avenue to a depth of three hundred (300) feet westwardly from the westerly side of Eastern Road, any buildings or improvements to be constructed shall be limited to one story with a maximum height of fifteen (15) feet. 2. On the aforesaid remainder of the 73.566 acre tract, no building or improvement shall be constructed for or used for the purpose of a motor lodge, motel, hotel, inn, or any similar use . . . ."

On November 9, 1962, the Goodmans granted permission to Fiesta Motor Inn to erect an advertising sign on land described by both of the use restrictions in the above agreement. Thereafter, Capital Sign Company erected a sign more than fifteen feet high advertising the Fiesta Motor Inn.

On December 4, 1962, the plaintiffs filed a complaint in equity seeking to enjoin the Goodmans, Fiesta Motor Inn and Capital Sign Company from erecting the sign, which plaintiffs consider a violation of both use restrictions in the above agreement.

On March 28, 1963, the chancellor sustained defendants' preliminary objections which maintained that the complaint failed to state a cause of action because the advertising sign does not violate either of the use restrictions. The complaint was dismissed and an appeal followed to this Court.

A majority of this Court reversed the chancellor because his determination that the advertising sign does not violate the restrictions, based on the pleadings alone, was inadequately grounded. The case was remanded for a trial "in which the contemplated mean-

ing of 'improvement' and any other doubtful language in the restrictions may, in light of all of the surrounding circumstances, be fully and thoroughly explored." *Hankin v. Goodman*, 413 Pa. 649, 198 A. 2d 546 (1964). Two members of the Court, Mr. Justice O'BRIEN and myself, would have affirmed the lower court.[1]

After a trial, the chancellor found, inter alia, as follows: "18. The Goodmans did not intend to restrict the remaining 63 acres to prohibit the erection of a sign advertising a motel located on other land. 19. The parties to the restrictive covenant in question did not contemplate the possible use of the remaining 63 acres for advertising a motel business on other land, nor did they intend to prohibit such use by means of the restrictions." Accordingly, the chancellor entered the following conclusions of law: "1. The words 'building or improvement' contained in the restrictive clause were not intended to prohibit the erection of a sign advertising a motel. 2. The sign is not a violation of the restrictive covenant." The decree nisi, denying plaintiffs relief, provides that "unless exceptions are filed within twenty days . . . the decree nisi will become the final decree upon praecipe."

Plaintiffs filed exceptions consisting largely of an attack upon findings 18 and 19, supra, which form the basis of the conclusions of law and the decree. These exceptions were dismissed by the court en banc and this appeal followed.

---

[1] It was and is our view that the restrictions are not ambiguous and consequently the intent of the parties should be gained from the writing itself. See *Siciliano v. Misler*, 399 Pa. 406, 160 A. 2d 422 (1960). Land use restrictions are strictly construed, *Jones v. Park Lane for Convalescents, Inc.*, 384 Pa. 268, 120 A. 2d 535 (1956), and the writing involved itself expressly states that "it is the desire of the parties herein to herein set forth the aforementioned restrictions in full detail." Yet nowhere in the restrictions is the word "sign" mentioned. Consequently, the restrictions on their face do not prohibit signs advertising motels.

It should be noted preliminarily that the record does not disclose the entry of a final decree. Without a final decree, this appeal must be quashed. *Griffiths v. Monongahela R.R. Co.*, 232 Pa. 639, 81 A. 713 (1911). However, since we have carefully considered the merits of the issue involved and arrived at certain conclusions, we will give the parties the benefit of our thinking in order to help bring this prolonged litigation to an end.

When the issue was first before us, a majority of the Court took the view that the restrictions, because of their use of the word "improvements," were ambiguous. Consequently, parol evidence to explain the ambiguity was proper. E.g., *Consolidated Tile and Slate Co. v. Fox*, 410 Pa. 336, 189 A. 2d 228 (1963), and *Schwartz v. Whelan*, 295 Pa. 425, 145 A. 525 (1929). And, of course, when parol evidence is used to resolve an ambiguity in a contract, the intention of the parties is a question of fact. *Camenisch v. Allen*, 158 Pa. Superior Ct. 174, 44 A. 2d 309 (1945). The question, then, is whether or not the disputed findings of fact, as found by the chancellor and affirmed by the court en banc, are supported by the evidence.

In considering whether or not the parties *intended* to restrict the use of the land as a location for a sign advertising a motel, it should be noticed that a determination of someone's intent obviously depends almost entirely upon his credibility. We have repeatedly said that the credibility of a witness is for the chancellor to determine. *Stevenson v. Stein*, 412 Pa. 478, 195 A. 2d 268 (1963); *Eppsteiner v. Isman*, 239 Pa. 393, 86 A. 878 (1913) (per curiam). Consequently, the lower court's finding relevant to a person's intent will not be overturned on appeal unless the record contains convincing evidence which has been capriciously disregarded and which is inconsistent with the lower

court's finding. This record contains no such evidence.

It is unnecessary to detail the testimony introduced at trial. Suffice it to say that Moe Hankin, representing the plaintiffs, and H. Walter Graves, his long-time friend and an officer of the real estate firm that represented Mr. Goodman in the sale, testified unequivocally that they intended the word "improvements" to cover any addition to the land which would compete with plaintiffs' motel. On the other hand, Mr. Goodman testified that he did not understand the restrictions to prohibit a sign advertising a motel not located on the restricted land. If we were to interpret and weigh this testimony, we might well find in favor of plaintiffs. However, a realistic appreciation of the limitations of our position as an appellate court reading a cold record and a due respect for the fact finder lead us to conclude that we cannot say the disputed findings are incorrect as a matter of law.

Appeal quashed. Costs to be divided between the parties.

Mr. Justice ROBERTS concurs in the result.

---

CONCURRING OPINION BY MR. JUSTICE COHEN:

I concur. See my concurring opinion in *Bierkamp v. Rubinstein*, 432 Pa. 89, 246 A. 2d 654 (1968).