10

544 A.2d 1338

**A.F. SHANE COMPANY, a Pennsylvania corporation, Appellant,**

v.

**KIPIN INDUSTRIES, INC., a Pennsylvania corporation, Appellee.**

Supreme Court of Pennsylvania.

Argued March 10, 1988.

Decided Aug. 12, 1988.

Maurice A. Nernberg, Jr., Nernberg & Laffey, Pittsburgh, for appellant.

Michael R. Kelly, Janice L. Morison, Pittsburgh, for appellee.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

PAPADAKOS, J., files a dissenting opinion.

FLAHERTY, J., dissents.

PAPADAKOS, Justice, dissenting.

I must respectfully dissent from the Court's disposition of this matter. We granted the petition for allowance of appeal of the A.F. Shane Co., Appellant, in order to review the propriety of Superior Court's reversal (Johnson, J. dissenting) of the Allegheny County Court of Common Pleas' refusal to open a default judgment. There is clearly a conflict between the result in this case and our recent decision in *Schultz v. Erie Insurance Exchange*, 505 Pa.

90, 477 A.2d 471 (1984). Therefore, I believe that the merits of the issue should be addressed and that the order of the Superior Court should be reversed.

The underlying facts as revealed by the record indicate that this action was initiated by Appellant to recover equipment rentals from Kipin Industries, Inc., Appellee. The complaint was served on Kipin on November 26, 1985. Kipin took it to the law offices of Richard Neff, Esquire, who had been handling other legal matters for Kipin. On December 18 or 19, Kipin received notice, sent pursuant to Pa.R.C.P. 237.1,[1] that Shane intended to enter a default judgment against Kipin if an answer were not filed within ten (10) days. Peter Kipin, the president of the corporation, thereupon called Neff, learned that an answer had not been prepared, and went to Neff's office to retrieve the suit papers. Thereafter, he retained Janice Morrison, Esquire, to represent his corporation in the action. However, Peter Kipin neglected to give Morrison a copy of the Rule 237.1 notice or tell her about it.

Ms. Morrison testified that he never gave her the ten day notice and never told her of the notice. Also, he sent her papers involving numerous lawsuits without bringing to her attention the urgency to act within ten days in the present proceeding.

Morrison drafted an answer which was verified by Peter Kipin on December 20, 1985. Morrison then departed for the Christmas holidays without filing the answer. She did not return to the office until December 27. The answer

1. Pa. Rule of Civil Procedure 237.1 provides in relevant part:
   **Rule 237.1. Notice of Praecipe for Entry of Default Judgment**
   (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe. . . .

was not immediately filed, however, because (1) counsel's messenger was on vacation, and (2) counsel was unaware of the ten day notice pursuant to Rule 237.1. The answer was filed after the holidays on January 2, 1986. It contained averments that the lease had been terminated and that the rentals sued for in the complaint had accrued after Kipin had requested removal of the equipment. Unfortunately, a default judgment had previously been entered on December 30, 1985. A petition to open the default judgment was timely filed on January 8, 1986.

In the petition to open, the only excuse offered for the entry of the default judgment was that "because of the holidays, [counsel] filed the ... [answer] two days after the time for taking default." (Slip opinion, Wettick, J., p. 2). However, Ms. Morrison testified that she had returned to her office before the expiration of the ten day period and that she was in a position to, and would have, filed the answer on December 27, 1985, if she had known that a ten day notice had been sent on December 17, 1985.

Peter Kipin, on the other hand, testified that he believed that he had conveyed the ten day notice to Ms. Morrison, that he had notified her of the need to act by December 27, and that he had placed a telephone call to her office in which he informed the receptionist that the answer was due on December 27. Also, his testimony indicated that he had sent Ms. Morrison only the papers in this case.

The trial judge resolved this conflicting testimony in favor of Ms. Morrison stating that Ms. Morrison's office had no record of the alleged telephone call and that the testimony indicating that only the papers in these proceedings were given to Ms. Morrison was inconsistent with her very detailed testimony describing the various papers that were sent. (Slip opinion at 3). Judge Wettick concluded that the ten day notice clearly alerted Appellee of the need to act and that Peter Kipin had a duty to give this information to counsel. His failure to do so constituted inexcusable neglect. The trial judge further concluded that even if he accepted Mr. Kipin's testimony, excusable neglect would not be established because Ms. Morrison testified that she was

in her office on December 27, and could have filed the answer, but chose to wait until the messenger would return to work the following week. On appeal, the Superior Court reversed holding that Appellee's default was reasonably explained and that the refusal to open the default judgment under the circumstances of this case constituted an abuse of discretion.

As this Court recently reiterated in the *Schultz* case, "a petition to open a judgment is addressed to the equitable powers of the court, and is a matter of judicial discretion. The court will only exercise this discretion when (1) the petition has been promptly filed, (2) a meritorious defense can be shown, and (3) the failure to appear can be excused. *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128, 130 (1971)." *Schultz, supra,* 505 Pa. at 93, 477 A.2d at 472.

The scope of review of a chancellor's decision is narrow. The appellate court is bound to accept the chancellor's findings of fact and not reverse unless it appears that he clearly abused his discretion or committed an error of law. *Frowen v. Blank,* 493 Pa. 137, 425 A.2d 412 (1981). In the case of a default judgment, a chancellor's ruling opening or refusing to open a default judgment is subject to the same standard. It will not be reversed unless there has been some error of law or a clear, manifest abuse of discretion. *Schultz, supra,* 505 Pa. at 94, 477 A.2d at 472, citing *Balk v. Ford Motor Co., supra,* 446 Pa. at 140, 285 A.2d at 131. It is the judgment of the chancellor which is controlling, and the reviewing court must not substitute its judgment for that of the chancellor when there in sufficient evidence to support his conclusions. *Commonwealth ex rel. Alexander v. Alexander,* 445 Pa. 406, 289 A.2d 83 (1971).

It is also the chancellor's role to assess the credibility of witnesses. Where credibility of witnesses is important to the determination, the chancellor's findings are entitled to particular weight because of his opportunity to observe their demeanor. *Frowen v. Blank, supra,* 493 Pa. at 142, 425 A.2d at 415. "... [T]he lower court's findings ... will not be overturned on appeal unless the record contains convincing evidence which has been capriciously disregard-

14

ed and which is inconsistent with the lower court's finding." *Hankin v. Goodman*, 432 Pa. 98, 102, 246 A.2d 658, 661 (1968).

An abuse of discretion exists where the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, ill will, or is without support in the record. *In re: Baby Girl D.*, 512 Pa. 449, 517 A.2d 925 (1986); *Commonwealth v. Lane*, 492 Pa. 544, 424 A.2d 1325 (1981). Judge Wettick's opinion and order concluded that the Appellee corporation's president either failed to deliver the explicit Rule 237.1 ten day notice (which he received from Appellant) to his attorney; or that his attorney, if she was given the notice, failed to act within the requirements of the Rule 237.1 notice. In either case, and the testimony is conflicting on this point, excusable neglect was not established. This conclusion can hardly be described as incorrect based on the facts in this record, let alone an abuse of discretion. The Superior Court's reversal of the decision not to open the default judgment was error. While appearing to adhere to the verbal formula set forth by this court in *Schultz*, the Superior Court blatently disregarded the substance of that decision and merely substituted its judgment for that of the chancellor. This is clearly error and should not be ignored. I would reverse the order of the Superior Court.