644 A.2d 1266

**J. Donald GRONINGER and Margaret E. Groninger**

v.

**Thomas AUMILLER and Barbara Aumiller and
David A. Basom and Kathy Jo Basom.**

**Appeal of J. Donald GRONINGER and Margaret E. Groninger.**

Superior Court of Pennsylvania.

Submitted June 22, 1994.

Filed July 25, 1994.

Daniel W. Stern, New Bloomfield, for appellants.

Karen L. Hackman, Sellinsgrove, for appellees.

Before OLSZEWSKI, POPOVICH and JOHNSON, JJ.

OLSZEWSKI, Judge:

For nearly five years now, Margaret and Donald Groninger have been trying to prevent their neighbors Thomas and Barbara Aumiller from running a contracting business out of their model home on Nolan Drive, Derry Township. The Groningers filed an equity action claiming that the Aumillers' contracting business violated both the township zoning ordinances and restrictive covenants contained in the Aumillers' deed. The Aumillers' model home is entirely residential in appearance. Home-buying customers come to inspect the building, choose appointments, and negotiate deals. No equipment or materials are stored at the model home, and all construction work is done at the job site. Still, the Groningers contend that this constitutes a commercial use forbidden by a restrictive covenant in the Aumillers' deed, and seek to enjoin their neighbors from operating this business next door.

The Groningers filed their complaint in 1989, and most of the time since then has been spent litigating the zoning question, which is not before us. This case eventually proceeded to cross-motions for summary judgment to determine whether the deed forbids commercial use, or whether it merely forbids the erection of non-residential structures on the property. The trial court ruled in favor of the Aumillers. Sadly, the trial judge left the bench before she could draft any kind of explanatory opinion. *See* R. 9 (Statement in lieu of opinion, 2/4/94). But since the trial court's decision turns upon the interpretation of a written instrument, our review is not hampered. After careful consideration of the arguments and review of the record, we affirm.

The only question to be answered on appeal is whether the Aumillers' deed creates a use restriction or a building restriction. Other deeds from the neighborhood's common grantor contain similar though not identical restrictions; we agree with the Aumillers that the varying language does not evi-

dence any clear development design by the common grantor. Nor was any subdivision or development plan recorded. But a recorded plan or common scheme is not the only way to restrict future land use; their absence simply focuses our inquiry on the language of the Aumillers' deed, which controls this question.

> One of several restrictions in the Aumillers' deed states: Structures erected upon the premises above-described shall be limited to residential purposes and shall exclude all structures known and designated as house trailers, whether or not the same are erected upon permanent foundations and intended for permanent habitation.

R. 10, Complaint, exhibit 2. At first blush, this language would appear to limit the property's structures to residential uses; "residential purposes" is the functional equivalent of "residential uses."[1] Pennsylvania caselaw, however, strongly disfavors limiting a landowner's free and unconstrained use of her property, and has adopted specific legal characterizations for the sort of terminology used in the above restriction.

The seminal case distinguishing between building and use restrictions is *Jones v. Park Lane for Convalescents*, 384 Pa. 268, 120 A.2d 535 (1956). There, our high court held that because of legal disfavor and strict construction, an effective land use restriction must be "expressly and plainly stated." *Id.* at 273, 120 A.2d at 538. Our high court thus interpreted the language "the said lot ... shall be used only for the purpose of erecting thereon private dwellings ..." to create a building restriction. It reasoned that whenever a restriction refers to what may be erected on the property, it is a building restriction; to create a use restriction, the deed's language must squarely address the use or manner of occupation of the property. *Id.*

---

1. We note that this does not amount to a prohibition of all commercial uses—the deed's language merely states that **structures** on the lot shall be for residential purposes. The Aumillers could hold regular yard sales, and perhaps even establish an outdoor flea market without running afoul of their deed's restriction. Zoning ordinances are another matter, of course. But as we noted earlier, the Groningers' litigation regarding zoning violations is not before us.

Subsequent cases follow this use/building distinction. By far the most apposite case is *Schulman v. Serrill,* 432 Pa. 206, 246 A.2d 643 (1968). There the deed employed language nearly identical to that in the Aumillers' deed: "no building except for residence purposes shall ever be erected upon said premises." *Id.* at 646, 246 A.2d at 646. Our high court held that this language did not prohibit commercial uses,[2] but merely required that the type of buildings erected be of a residential nature. *Id.* (citing *Jones v. Park Lane, supra*).

The cases which the Groningers cite involve substantially different language; they refer only to uses of the property and not to the sorts of buildings which may be erected. *See Morean v. Duca,* 287 Pa.Super. 472, 430 A.2d 988 (1981) (the phrase "used for residential and recreational purposes only" created a use restriction, prohibiting commercial use of a garage as a snowmobile repair shop); *Grasso v. Thimons,* 384 Pa.Super. 593, 559 A.2d 925 (1989) ("none of the Lots shall be used for any purpose other than residential uses" created a use restriction, prohibiting the operation of an accounting business).[3]

The Groningers unconvincingly attempt to distinguish the more apposite language of *Schulman, supra.* While admitting that *Schulman*'s "language is similar to the language in our case, the Court should note that we are not dealing with office use, but the operation of a contracting business with customers and equipment coming and going." Appellant's brief at 9. Our review of the record indicates that the Aumillers use their model home as an office. Customers do come and go, but in numbers consistent with the residential nature of the neigh-

**2.** Some large houses subject to the deed restriction had been converted into offices, though they maintained their outward residential appearance.

**3.** We note that the restriction in the Groningers' deed more clearly resembles such a use restriction. It states that "any buildings thereon erected shall never be **used** for any commercial purpose." R.10, Complaint exhibit A (emphasis added). The different language used in the Groningers' and Aumillers' deeds undercuts the Groningers' contention that the alleged common grantor intended to prohibit all commercial use. If such had been the case, we would expect to see a similar use-specific restriction in the Aumillers' chain of title.

borhood. The Groningers point to nothing in the record to suggest that any construction or other type of equipment is stored on the property. Simply put, there is nothing about the Aumillers' model home (except possibly the small sign designating it a model home for their contracting company) which sets it apart from the other residential homes in the neighborhood.

Likewise, we must disagree with the Groningers' contention that the trial court found the restrictions to be unenforceable. Appellant's brief at 7. The restriction in the Aumillers' deed is perfectly enforceable. The Groningers can prevent the Aumillers from erecting an ugly cinderblock building, a tower, or any other nonresidential type structure which would clash with the surrounding houses. That is the effect of a building restriction. But since the Aumillers' model home is quintessentially residential in character, it does not offend the restriction in their deed.

Order affirmed.

POPOVICH, J., notes his dissent.