John W. RICHMAN and Shirley Richman, his wife,
Appellants,

v.

Donald A. MOSITES, Steven T. Mosites, THF Washington Realty, Inc. and Washington Mall Associates trading as Washington Mall—JCP Associates, Ltd.

Superior Court of Pennsylvania.

Argued Oct. 23, 1997.

Filed Dec. 30, 1997.

Stephen I. Richman, Washington, for appellants.

Anthony J. Guida, Pittsburgh, for Donald A. Mosites, Steven T. Mosites and THF Washington Realty Inc., appellees.

Before TAMILIA, JOHNSON and BROSKY, JJ.

TAMILIA, Judge:

This is an appeal from a Final Decree entered March 21, 1997 following a Decree Nisi which confirmed the trial court's August, 1996 grant of partial summary judgment and dismissed the plaintiff/appellants' complaint in equity.[1] The appeal stems from an equity action brought by appellants, John W. Richman and Shirley Richman (hereinafter the Richmans), seeking to enjoin appellees from constructing a shopping center on a plot of land located in South Strabane Township. Appellees include Donald A. Mosites, Steven T. Mosites, THF Washington Realty, Inc., and Washington Mall Associates, who are all collectively trading as Washington Mall–JCP Associates, Ltd. (hereinafter JCP).

The record reveals that between 1989 and 1990, JCP acquired the deeds to a 72+ acre tract of land in South Strabane Township. This property is bounded by State Route 19 to the north, by Interstate 70/79 to the west, by the Richmans' property and State Route 136 to the south and by property owned by other persons to the east. JCP purchased the land in order to develop it as a shopping center; however, a 2.188–acre portion of the tract was burdened by a restrictive covenant.

The 2.188–acre parcel, which is the subject of this dispute, adjoins the Richmans' property. The restrictive covenant is common to both appellants' and appellees' chain-of-title and provides that "no buildings, other than one dwelling house and private garage shall be erected upon the within described premises." JCP plans to use the disputed parcel as an access driveway for the shopping center, and consequently, intends to build the following items on the parcel: a four-lane driveway, a retaining wall, an illuminated sign, light fixtures and storm sewers. The Richmans allege that appellees also plan to devel-

1. A nonjury trial involving a sign to be erected on the property at issue was held February 4–5, 1997. The portion of the decree nisi dismissing appellants' complaint in equity disposed of that part of the case not subject of summary judgment.

op the 2.188–acre plot as a "commercial outparcel." [2]

Appellants claim the aforementioned construction is barred by the restrictive covenant, as well as by JCP's agreement with the South Strabane Township Board of Supervisors and the township's zoning ordinances. As part of JCP's efforts to convince the township to rezone the 2.188–acre parcel from residential to commercial, JCP had agreed to the following:

> [JCP] will use the 2.188 acres, which were approved for a change in zoning from an R–4 to a C–2, for the sole purpose of a commercial driveway. No businesses will be established on that parcel, although signage announcing the entrance to the mall, similar to that on the Landscape and Perspective Sketches presented to the Board, will be present.

This agreement was later codified by South Strabane Township Zoning Ordinance No. 5 of 1992, which amended Ordinance No. 2 of 1991 and provided the following:

> SECTION 2: That the following restrictions are attached to and made a part of said Ordinance and binding upon said parcel of land:
>
> (a) Said 2.188 Acres shall be used for the sole purpose of a commercial driveway;
>
> (b) No business shall be established or conducted thereon[.]

On February 8, 1996, the Richmans initiated the instant matter by filing a complaint in equity. On August 15, 1996, the Court of Common Pleas granted partial summary judgment in favor of the appellees. From February 4–5, 1997, the trial court held a nonjury trial on the issue of whether JCP's proposed sign violated township zoning ordinances. Subsequently, the trial court entered an adjudication and decree nisi, dismissing appellants' complaint in equity as premature. On March 21, 1997, upon the Richmans' praecipe, the decree nisi was made final. Appellants now appeal from the final decree entered on March 21, 1997.

On appeal, the Richmans challenge the trial court's grant of partial summary judgment in favor of JCP. Appellants claim that the following genuine issues of material fact exist in regard to the restrictive covenant: whether JCP intends to violate the restrictive covenant; whether the term "building" in the restrictive covenant embraces a commercial driveway, retaining wall, lights and/or illuminated sign; and whether the covenant's creators intended to maintain the residential character of the area by restricting the permissible structures. Appellants also argue that genuine issues of material fact exist as to whether appellees intend to violate the use restrictions contained in JCP's agreement with the township and/or the township's zoning ordinances.

■ A court may properly grant a motion for summary judgment only when the pleadings, depositions, answers to interrogatories, admissions and affidavits demonstrate that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Albright v. Abington Mem'l Hosp.*, 548 Pa. 268, 696 A.2d 1159 (1997). The moving party has the burden of proving the non-existence of any genuine issue of fact, and all doubts are resolved against the moving party. *Merriweather v. Philadelphia Newspapers, Inc.*, 453 Pa.Super. 464, 684 A.2d 137 (1996). Furthermore, the moving party's right must be clear and free from doubt. *Welsh v. Bulger*, 548 Pa. 504, 698 A.2d 581 (1997). An appellate court will reverse a trial court's Order granting summary judgment only if the court committed an error of law or clearly abused its discretion. *Cochran v. GAF Corp.*, 542 Pa. 210, 666 A.2d 245 (1995).

■ Appellants initially claim that there is a genuine issue of material fact concerning whether JCP intends to violate the restrictive covenant. In evaluating this issue, the court must first determine what is prohibited by the restrictive covenant. Restrictive covenants, of course, are limitations on a landowner's free and unconstrained use of property; therefore, they are construed narrowly.

---

2. A commercial outparcel "is a plot of shopping center land which is separated from the main shopping center buildings" and used for "restaurants, banks, gas stations, etc. built as free standing units." (Appellants' Brief, p. 19.)

*Groninger v. Aumiller,* 435 Pa.Super. 123, 644 A.2d 1266 (1994). Moreover, restrictive covenants are divided into two categories, building restrictions and use restrictions. *Jones v. Park Lane for Convalescents, Inc.,* 384 Pa. 268, 120 A.2d 535 (1956). Building restrictions "are concerned with the physical aspect or external appearance of the buildings." *Id.* at 272, 120 A.2d at 538. Use restrictions involve "the purposes for which the buildings are used, the nature of their occupancy, and the operations conducted therein." *Id.*

■ In this case, the restrictive covenant provides that "no buildings, other than one dwelling house and private garage... shall... be erected upon the within described premises." The covenant's restrictions address the type of buildings that may be erected, specifically "one dwelling house and private garage," and are silent in regard to the purposes for which the buildings may be used. As a result, the restrictive covenant in question is solely a building restriction. *See Jones, supra* at 272–74, 120 A.2d at 538 (citing examples of covenants that contained both building and use restrictions). Furthermore, the covenant must be construed narrowly.

■ Because the restrictive covenant is a building restriction, the purposes for which the disputed parcel may be used are irrelevant. The restrictive covenant is not violated because the appellees will use the 2.188–acre plot as, or for the purposes of, a shopping center. Rather, the court's inquiry is focused on what actual structures are built on the plot. The covenant must be construed to prohibit only those structures which it explicitly addresses. "[A] restriction is not to be extended or enlarged by implication." *Jones, supra* at 272, 120 A.2d at 537.

■ The covenant in question only addresses what type of "buildings" might be constructed. The court agrees with the appellees that the term "buildings" is much narrower than the word "structures." JCP acknowledges its plans to construct a retaining wall, a commercial driveway, a sign, light fixtures and storm sewers on the disputed parcel. While all of these items might con-

stitute "structures," they do not qualify as "buildings." This Court declines to adopt an all-encompassing definition of the term "buildings;" however, it finds as a matter of law, that the above-mentioned structures do not qualify as such.

■ If the creators of the restrictive covenant had desired to restrict either the uses of the disputed parcel or the construction of all structures, it would have been easy to so word the restriction. *See Ratkovich v. Randell Homes, Inc.,* 403 Pa. 63, 169 A.2d 65 (1961). "Courts should not attempt to remedy the omissions of those creating restrictive covenants and extend, by implication, a restraint on the use of land." *Id.* at 71, 169 A.2d at 69. The restrictive covenant in question does not apply to the construction of all structures, it only limits the construction of buildings. As a result, the covenant is inapplicable to JCP's construction plans, and there is no genuine issue of material fact regarding appellees' alleged intent to violate the restrictive covenant. Furthermore, we have determined as a matter of law that the term "building" does not embrace a retaining wall, a commercial driveway, lights or a sign; therefore, there is no genuine issue of material fact in this regard.

■ Appellants also contend that there is a genuine issue of material fact regarding the intent of the covenant's creators. After reviewing the language of the restrictive covenant, however, this Court finds the words themselves to be clear. The covenant only restricts the construction of "buildings." The appellees' acknowledged plans do not include the construction of buildings. Consequently, the court need not "stray beyond the confines of the restriction to find its meaning." *Siciliano v. Misler,* 399 Pa. 406, 411, 160 A.2d 422, 425 (1960). If restrictions are not ambiguous, the intent of the parties should be gained from the writing itself. *Hankin v. Goodman,* 432 Pa. 98, 101 n. 1, 246 A.2d 658, 660 n. 1 (1968). "In restricting real estate a scrivener acts at his peril: if his creation is not self-sustaining it is nothing." *Siciliano, supra* at 410, 160 A.2d at 425.

■ The distinction between a building restriction and a use restriction is a "basic

rule of construction." *Schulman v. Serrill,* 432 Pa. 206, 211, 246 A.2d 643, 646 (1968). This Court will not allow extrinsic evidence of the parties' intent to contradict the express statement contained in the restrictive covenant. "A building restriction and a use restriction are wholly independent of one another and, in view of the legal principles above stated, the one is not to be extended so as to include the other unless the intention so to do is expressly and plainly stated[.]" *Jones, supra* at 273, 120 A.2d at 538. The intent of the covenant's creators is clearly embodied in the language of the covenant, and there is therefore no genuine issue of material fact in this regard.

Finally, the Richmans contend that JCP intends to develop a portion of the 2.188–acre plot as a commercial outparcel[3] and that this intention is a genuine issue of material fact in regard to *both* appellees' alleged violation of the restrictive covenant and appellees' alleged violation of South Strabane Township Zoning Ordinance No. 5 of 1992. To support these assertions, the Richmans "rely on the planned outparcel development for lots abutting Route 19, the fact that shopping center developers often use outparcels for the erection of commercial buildings, and that the [appellees] will not commit to a statement that they will never develop the subject parcels." (Slip Op., Gilmore, J., 8/15/96, p. 10.)

After reviewing the record, this Court agrees with the trial court and finds appellants' contentions regarding JCP's future development of a commercial outparcel to be premature. The Richmans have not produced any evidence to substantiate that appellees' alleged future actions will, in fact, occur. "Injunctive relief is not available to eliminate a possible remote future injury or invasion of rights." *Jamal v. Com., Dep't of Corrections,* 121 Pa. Commw. 42, 46, 549 A.2d 1369, 1371 (1988). Furthermore, this Court will not enjoin conduct unless it is reasonably certain to occur. *Curll v. Dairymen's Co–op. Sales Ass'n.,* 389 Pa. 216, 132 A.2d 271 (1957). As the record presents no genuine issues of material fact, the trial court properly granted appellees' motion for partial summary judgment.

Decree affirmed.

---

**3.** For a description of the term "outparcel", *see* note 1, *supra.*