**CITY OF AMES, Iowa, Appellee,**

v.

**REGENCY BUILDERS, INC. and Regency Land Company, L.C., Appellants.**

No. 00–1323.

Supreme Court of Iowa.

Nov. 14, 2002.

Thomas G. Fisher, Jr. of Hogan & Fisher, P.L.C., Des Moines, for appellants.

Judy K. Parks, Assistant City Attorney, Ames, for appellee.

LARSON, Justice.

We granted a housing developer's application for discretionary review to consider a ruling by the district court that the developer's construction and use of model homes violated an Ames zoning ordinance. The court of appeals affirmed the district court, and we granted further review. We affirm the decision of the court of appeals and the judgment of the district court.

## I. *Facts and Prior Proceedings.*

The facts are undisputed. Regency Builders, Inc. and Regency Land Company, L.C. are affiliated companies (collectively Regency) that build and develop homes throughout Iowa. The two properties at issue, 2905 Bayberry Road and 2405 Grant Circle, are located in residential subdivisions in Ames where Regency-affiliated companies own lots. The lots in the subdivisions are offered for sale to buyers seeking to construct new homes. On both of the lots in question, the builders have constructed model homes, which are completely furnished. The garage of each home has been modified by removing the garage door and replacing it with a French door and placing a desk and chairs in the garage. This office-type area is used to show potential buyers available floor plans.

The model homes are staffed during posted hours by real estate agents. The agents refer to these posted times as "daily open houses." One of the agents testified that, as to one of the homes, it was open for an hour every weekday except Friday and three hours each weekend day. Weekdays do not involve much customer traffic; one of the agents testified that, in the prior two years, only four potential customers had visited one of the model homes. He testified that on the weekends there are usually more, "sometimes up to ten," prospects—"similar to any open house." The homes are equipped with lockboxes so that prospective buyers can visit the homes with other real estate agents.

Initially, the homes were not listed on the multiple-listing service. Both homes are now listed, although the possession date for them has been delayed. The model homes are sold after all of the other lots in the development are sold. Both homes have been granted certificates of occupancy, although no one actually lives in them. When the initial complaints about the homes were made to the city, one of the homes was displaying an American flag, an Iowa flag, and a flag with the Regency logo on it. The flags and both homes were lit with floodlights. The flags were subsequently removed and the lighting modified, all before the district court hearing.

The properties are located in areas zoned R1–6, low-density residential. The text of the municipal zoning ordinance involved is set out below. In substance, it provides that permitted uses include single-family dwellings, two-family dwellings that qualify to be "grandfathered" in, churches, cemeteries, golf courses, country clubs, private schools, and supervised group homes.

On March 14, 2000, the city issued citations for both lots for violating Zoning Code section 29.15 by "permitting a commercial use of premises located in a residential zoning district by allowing the premises to be used for a place to facilitate commercial transactions for sale or construction of houses at other sites."

## II. *Legal Principles.*

Under Iowa Code section 364.22(10) (1999), an appeal from a finding of a municipal infraction is subject to the same procedures as in a small-claims appeal. We have stated that discretionary review of a small claims action depends on the nature of the case. *Roeder v. Nolan,* 321 N.W.2d 1, 3 (Iowa 1982). If the action is at law, we review the district court's ruling on error. *Hyde v. Anania,* 578 N.W.2d 647, 648 (Iowa 1998). The parties agree that our review is at law. The standard of proof for municipal infractions is "clear, satisfactory, and convincing evidence." Iowa Code § 364.22(5)(b).

Section 29.15 of the Ames Municipal Code provides this with respect to the district in which these houses are located:

R1–6, LOW–DENSITY RESIDENTIAL DISTRICT.

Statement of Intent. This district is intended to provide for low-density residential areas with single-family dwellings and certain existing two-family dwellings.

(1) Permitted Uses. A building or premises shall be used only for the following purposes:

Single-family dwellings

"Dwelling unit" and "dwelling—single-family" are also defined:

(10) Dwelling Unit. A building or portion thereof designed or used exclusively for residential occupancy, not including house trailers, mobile homes, hotels or motels.

(11) Dwelling—single-family. A building designed for and occupied exclusively by one family.

These model homes fit within the definition of a "dwelling unit" because they are designed for residential occupancy. However, they do not fit the definition of a single-family dwelling with the more restrictive language, "designed for *and* occupied exclusively by one family." (Emphasis added.)

In construing an ordinance, we must examine the whole ordinance, giving each section consideration in order to "give the ordinance its natural and intended meaning." *Kordick Plumbing & Heating Co. v. Sarcone,* 190 N.W.2d 115, 117 (Iowa 1971) (municipal zoning ordinance interpreted to exclude a mobile home park in a heavy industrial district).

The ordinance is quite clear: Buildings in the district, according to section 29.15 of the ordinance, "shall be used only for ... [s]ingle family dwellings," which in turn are defined as "building[s] designed for *and* occupied exclusively by one family." (Emphasis added.) It is undisputed that these homes were designed as single-family dwellings for actual occupancy at some time, but the ordinance also requires that they shall be used for that purpose as well. Actual use as single-family dwellings has been delayed as to these homes for an indefinite period of time.

Regency argues that the sales offices are similar to real estate open houses. However, an open house is a use in which the absence of the occupants is only temporary. The open house itself is intended to show the home to persons who are interested in becoming occupants of that particular home. Attracting new owners to a home through an open house is a use that is "consistent with the use of the building for its designed purpose." In contrast, a model home is intended to attract potential occupants to other homes on other lots. Such a use is commercial in nature.

We have not decided a case involving the issue raised here, and cases from other jurisdictions, relied on by Regency, are distinguishable. In a case involving classifications of property for tax purposes, the Colorado Court of Appeals addressed the proper classification for model homes in *Mission Viejo Co. v. Douglas County Board of Equalization,* 881 P.2d 462 (Colo. Ct.App.1994). The court stated:

> Model homes are located in areas which are zoned for residential use, and they are generally intended for use as residences after the other homes in the subdivision are sold. Because of this, they are "designed" predominantly for residential use. Therefore, . . . model homes would be properly classified as "residential real property."

*Id.* at 465. However, the taxability of the real estate in *Mission Viejo* turned on the *design* of the home not its *use.* In contrast, in this case, it is the use of the structure that is determinative.

The Superior Court of Pennsylvania found that model homes did not violate a restriction in a deed limiting structures to residential purposes. *Groninger v. Aumiller,* 435 Pa.Super. 123, 644 A.2d 1266 (Pa.Super.Ct.1994). The court said "there is nothing about the Aumillers' model home (except possibly the small sign designating it a model home for their contracting company) which sets it apart from the other residential homes in the neighborhood." *Id.* at 1268. However, the issue in *Groninger* was again whether the design of the structure—not its use—was restricted by the deed. *Id.* at 1268.. *Groninger* is therefore also distinguishable.

We believe that, although the model homes here were designed as single-family dwellings to be occupied eventually by single families, they violate the ordinance because they are presently being used for commercial purposes. We affirm the decision of the court of appeals and the judgment of the district court.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**