Linda J. FAUST

v.

Michael WALKER, Appellee.

Appeal of Domestic Relations Office
of the Dauphin County Court
of Common Pleas.

Superior Court of Pennsylvania.

Submitted Jan. 8, 2008.

Filed March 11, 2008.

Jeff Foreman, Harrisburg, for appellant.

Linda J. Faust, appellee, pro se.

Terry S. Hyman, Harrisburg, for Walker, appellee.

BEFORE: ORIE MELVIN, ALLEN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 Appellant Domestic Relations Office of the Dauphin County Court of Common Pleas appeals from the trial court order which granted the motion of Appellee Michael Walker to strike the order of attachment of income in the amount of $5,000.00 and directed Appellant to prepare an order of attachment of income in the amount of $1,800.93.[1] Appellant presents one issue for our review: whether the trial court abused its discretion by misapplying the law when it granted Appellant's request to limit the attachment of income in contradiction to the specific language of 23 Pa. C.S.A. § 4308.1. We affirm the trial court's order.

¶ 2 Appellee was injured in a motor vehicle accident and retained a law firm, Schmidt Kramer, P.C., to represent him.

---

* Retired Senior Judge assigned to the Superior Court.

1. The domestic relations section is granted the power to initiate judicial proceedings to obtain a settlement from the transferee in the best interest of the child support obligee via 23 Pa.C.S.A. § 4305(a)(11), as well as, the power to issue orders to secure assets to satisfy support obligations and arrearages by intercepting or seizing judgments or settlements. 23 Pa.C.S.A. § 4305(b)(10)(ii).

Appellee's counsel subsequently settled his personal injury claim for $10,000.00. At the time of the settlement, Appellee was the subject of a child support order and owed child support arrears in excess of $12,000.00. The trial court initially issued an order directing Schmidt Kramer, P.C., to pay $5,000.00 of the settlement toward Appellee's arrears. In response, Schmidt Kramer, P.C., on behalf of Appellee, filed a motion to strike the court's order of attachment. A rule was issued upon Appellant to show cause why Appellee's motion should not be granted which Appellant answered. Following oral argument, the trial court entered an order granting Appellee's motion to strike and, in accordance with 23 Pa.C.S.A. § 4308.1, directed the Domestic Relations Office of the Dauphin County Court of Common Pleas to prepare an order of attachment of income in the amount of $1,800.93. This appeal followed.

¶ 3 We view Appellant's claims with the following consideration: "[i]n evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." *Commonwealth v. Johnson*, 910 A.2d 80, 83 (Pa.Super.2006). Further, "[w]hen interpreting a statute, we must abide by the rules of statutory construction. It is a basic tenet of statutory interpretation that, 'when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'" *Springfield Twp. v. Mellon PSFS Bank*, 586 Pa. 1, 889 A.2d 1184, 1188 (2005)(quoting 1 Pa.C.S.A. § 1921(b)).

¶ 4 In this case, Appellant challenges the trial court's application of 23 Pa.C.S.A. § 4308.1 in determining the amount of Appellee's settlement award for his personal injury claim that is attributable to the amount he owes in child support arrears. Section 4308.1 provides, in relevant part:

"GENERAL RULE.—Overdue support shall be a lien by operation of law against the net proceeds of any monetary award, as defined in subsection (i), owed to an obligor, and distribution of any such award shall be stayed in an amount equal to the child support lien provided for under this section pending payment of the lien." 23 Pa.C.S.A. § 4308.1(a). Thus, pursuant to Section 4308.1(a), the amount Appellee owes in child support arrears is considered a lien against the "net proceeds" of the obligor's "monetary award." *Id.* "Monetary award" is defined in this section as:

> Any portion of a settlement paid as a lump sum negotiated in lieu of, or subsequent to the filing of a lawsuit for, or any civil judgment or civil arbitration award that is paid as a third party claim for bodily injury or death under a property and casualty insurance policy, or paid as a workers' compensation or occupational disease act award under a workers' compensation policy. The term includes self-insurers and also applies to property and casualty and workers' compensation or occupational disease act policies which are issued by an insurer licensed or authorized to do business in this Commonwealth. The term does not include a lump sum payable through a structured settlement annuity. The term shall apply only to those settlements, judgments, civil arbitrations, Workers' Compensation Act or The Pennsylvania Occupational Disease Act awards which are asserted and resolved in this Commonwealth.

23 Pa.C.S.A. § 4308.1(i). "Net proceeds" is defined as:

> Moneys in excess of $ 5,000 payable to a prevailing party or beneficiary, or in the case of an award under the act of June 2, 1915 (P.L. 736, No. 338), known as the Workers' Compensation Act, or the act of June 21, 1939 (P.L. 566, No. 284),

known as The Pennsylvania Occupational Disease Act, the claimant after payment of attorney fees, witness fees, court costs, reasonable litigation expenses, documented unpaid expenses incurred for medical treatment causally related to the claim, any workers' compensation or occupational disease indemnity or medical payment and payments to the medical assistance program under sections 1409 and 1412 of the act of June 13, 1967 (P.L. 31, No. 21), known as the Public Welfare Code.

23 Pa.C.S.A. § 4308.1(i).

¶ 5 The dispute in this case arises from the meaning of the phrase "net proceeds" under Section 4308.1(i). Appellant argues that the plain reading of the term "net proceeds," is that while $5,000.00 is excluded from the amount of the monetary award subject to the lien, attorney's fees and costs are not excluded from this amount in the case of a personal injury claim. Rather, it argues that the part of the definition which would deduct these and other expenses from the portion of the monetary award subject to the lien applies only to workers' compensation or occupational disease awards. Thus, Appellant asserts that in all awards from claims, except for awards from workers' compensation and occupational disease claims, all proceeds in excess of $5,000.00 are subject to the lien. Appellant argues that such an interpretation more closely resembles the legislative intent of recovering overdue support from lump sum awards payable to an obligor. However, we find no basis, nor does Appellant offer any explanation, for an interpretation of "net proceeds" that would draw a distinction between awards from personal injury claims and those from workers' compensation or occupational disease claims and only permit attorney's fees and costs and related medical expenses to be deducted from the latter.

¶ 6 The trial court, in applying 23 Pa. C.S.A. § 4308.1, refused to draw such a distinction. Instead, it found:

> Though the sentence structure is awkward, the meaning is otherwise explicit and unambiguous in clearly delineating that "net proceeds" are arrived at by deducting the types of expenses listed therein from both types of monetary awards contemplated there under: net proceeds are "moneys in excess of $5,000 payable to a prevailing party or beneficiary or ... claimant after payment of attorney fees, witness fees, court costs ..." etc.

The determinative factor in so concluding is that the statute explicitly identifies that it is the "**net** proceeds" of a monetary award that [ ] are subject to a lien. The common meaning of "net proceeds" is "[t]he amount received in a transaction minus the costs of the transaction (such as expenses or commissions). Also termed *net balance.*" Black's Law Dictionary 1242 (8th ed.). Furthermore, the common meaning of the adjective "net" is that which remains "after all deductions have been made, as for expenses: net profit." The American Heritage Dictionary 1214 (3rd ed.). "Net" is similarly defined as "free from all charges or deductions: as remaining after the deduction of all charges, outlay, or loss." Merriam Webster Online Dictionary, *www.m-w.com* (last visited 8/8/07). *See Danielle Viktor, Ltd. v. D[OL] & Indus.[, Bureau of Emplr. Tax Operations],* [586 Pa. 196] 892 A.2d 781, 794–95 (Pa.Super.2006) (applying dictionary definitions in assessing the plain meaning of words). There is simply no language in the definition of "net proceeds" limiting the deduction of expenses only to awards made to workers' compensation or occupational disease claimants. Since "net proceeds" is not

an ambiguous term, this court need not undergo further examination of legislative intent under the factors set forth by the Statutory Construction Act.

The Domestic Relations Section['s] reading of a second meaning for "net proceeds" is untenable. Its interpretation of "net proceeds" would create two categories of monetary awards subject to liens by operation of law: one for the true **net** proceeds of awards to claimants under workers' compensation policies, and another for the **gross** proceeds to prevailing parties and beneficiaries of all other kinds of monetary awards (as defined in subsection (i)). The adjective "net" would thus be rendered not only completely meaningless under the Domestic Relations Section's interpretation, but would in fact be given the opposite meaning; that is, the term "net proceeds" would in fact mean "gross proceeds" in the case of non-workers' compensation awards paid by insurers. This is simply not a reasonable interpretation of "net proceeds," particularly where there is otherwise lacking within the statutory scheme any hint that collection against the two types of awards is to be treated differently.

Trial Court Opinion, 8/9/07, at 8–10 (footnote omitted) (emphasis in original).

¶ 7 We find the trial court's reasoning to be sound. The statute clearly defines "net proceeds" as moneys in excess of $5,000.00 payable to a prevailing party, beneficiary or claimant after payment of attorney fees, costs, etc. As such, we find no error in the trial court's application of 23 Pa.C.S.A. § 4308.1 to the instant case. The trial court correctly determined that pursuant to Section 4308.1(i), the total amount of the settlement award attributable to the child support lien was $1,800.93. The trial court arrived at this amount by deducting from the $10,000.00 award, counsel for Appel-

lee's fees and costs in the amount of $3,199.07, leaving a net award of $6,800.93, of which $1,800.93 was the amount in excess of $5,000.00. Accordingly, we find no trial court error.

¶ 8 Order affirmed.