Chrystal **CAMPBELL**

v.

Earl R. **WALKER, Jr.**

**Appeal of Department of Public Welfare.**

Superior Court of Pennsylvania.

Argued March 18, 2009.

Filed Oct. 14, 2009.

Melanie J. Taylor, Philadelphia, for appellant.

Stephen C. Josel, Philadelphia, for Walker appellee.

BEFORE: BENDER, SHOGAN, JJ., and McEWEN, P.J.E.

OPINION BY McEWEN, P.J.E.

¶ 1 The Commonwealth of Pennsylvania Department, of Public Welfare (hereinafter DPW) has appealed from a Court of Common Pleas order that vacated a lien against proceeds that were due appellee, Earl R. Walker, Jr., from Allstate Insurance Company pursuant to the settlement of a personal injury lawsuit. We reverse.

¶ 2 The underlying facts of this case are not in dispute. On or about March 19, 2008, appellee, through his attorney, negotiated the settlement of a personal injury lawsuit that would have netted him the sum of $3,083.83. However, because appellee was on notice of a pre-existing claim asserted by DPW, due to prior welfare payments that had been issued for the benefit of appellee's child,[1] appellee's attorney notified the Office of the Philadelphia District Attorney, which served as counsel for DPW in such situations, of the existence of the settlement in the net amount of $3,083.83. The District Attorney then, on April 3, 2008, obtained a "non-distribution" order from the Court of Common Pleas of Philadelphia,[2] by the terms of which appellee's attorney was directed to hold the settlement proceeds in escrow. Appellee thereafter sought a hearing in the Court of Common Pleas of Philadelphia in an effort to have the court vacate the non-distribution order. Following that hearing, and a "voluntary" agreement by appellee to pay mother the sum of $957.00 in satisfaction of an arrearage in court ordered support for the child, the trial court entered an order on May 20, 2008, releasing to appellee the sum of $2,126.83, the proceeds remaining from the settlement, and denying any distribution to DPW. This appeal followed.

¶ 3 DPW, in the brief filed in support of this appeal, raises the following questions for our review:

> Whether the trial court erred in finding that the statutory lien in 23 Pa.C.S. § 4308.1 was the only method of enforcing a support order against a monetary award, thereafter striking the non-distribution order against appellee's monetary award before the Department [DPW] could seek enforcement of its support arrears through the open petitions for civil contempt?

> Whether the trial court abused its discretion by ordering appellee to pay all of mother's arrears, but none of the arrears owed to the DPW, without any justification for the disproportionate distribution?

*See:* Brief of Appellant, p. 9.

¶ 4 The resolution of this appeal turns on the interplay between two statutory sections contained in the Support Chapter of the Pennsylvania Domestic Relations Title, namely sections 4305 and 4308.1.[3] Section 4305 provides, in relevant part:

---

1. The record also reveals that a separate, non-welfare related, order for support of appellee's child, issued in the name of the child's mother, was in arrears.

2. Although the non-distribution order did not contain a statutory reference, the authority underlying its issuance was section 4305 of the Domestic Relations Code, 23 Pa.C.S. § 4305. *See:* N.T., May 20, 2008, p. 10.

3. It bears emphasis that, since the resolution of this appeal involves statutory construction, it presents a pure question of law, and thus our standard of review is *de novo* and our

**4305. General administration of support matters**

**(a) Powers and duties.**—Subject to any inconsistent general rules and to the supervision and direction of the court, the domestic relations section shall have the power and duty to:

. . .

(7) Make effective the orders of support entered.

. . .

**(b) Additional powers.**—Subject to the supervision and direction of the court but without the need for prior judicial order, the domestic relations section shall have the power to . . . :

*(10) Issue orders in cases where there is a support arrearage to secure assets to satisfy current support obligation and the arrearage by:*

. . .

*(ii) Intercepting or seizing judgments or settlements.*

. . .

23 Pa.C.S. § 4305(a)(7), (b)(10)(ii) (emphasis supplied). Section 4308.1 provides, in relevant part:

**§ 4308.1. Collection of overdue support from monetary awards**

**(a) General rule.**—Overdue support shall be a lien by operation of law *against the net proceeds of any monetary award,* as defined in subsection (i), owed to an obligor, and distribution of

any such award shall be stayed in an amount equal to the child support lien provided for under this section pending payment of the lien. . . .

. . .

**(i) Definitions.**—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"Monetary award." Any portion of a settlement paid as a lump sum negotiated in lieu of, or subsequent to the filing of a lawsuit for, or any civil judgment or civil arbitration award that is paid as a third party claim for bodily injury or death under a property and casualty insurance policy[.]

"Net proceeds." *Moneys in excess of $5,000 payable to a prevailing party or beneficiary* [.]

. . .

23 Pa.C.S. § 4308.1(a), (i) (emphasis supplied). Thus, the question is whether the broad language contained in section 4305 authorized the retention and ultimate seizure of appellee's monetary recovery even though that sum was below the amount affected by the "lien by operation of law" language contained in section 4308.1.[4]

¶ 5 The trial court concluded that the dispute over the settlement proceeds was governed solely by section 4308.1[5] and, in support of that conclusion, offered the following rationale:

Section 4305 cannot, by operation of law, negate the effect of section 4308.1

---

scope of review is plenary. *Lynnebrook and Woodbrook Assoc., L.P. v. Borough of Millersville,* 600 Pa. 108, 111 n. 2, 963 A.2d 1261, 1263 n. 2 (2008).

**4.** The parties agree that the amount in controversy here, the sum of $2,126.83, was below the statutory minimum which would trigger a lien by operation of law. *See:* 23 Pa.C.S. § 4308.1; *Faust v. Walker,* 945 A.2d 212 (Pa.Super.2008).

**5.** As noted in footnote 2, *supra,* the non-distribution order of April 3, 2008, was issued without reference to the relevant statutory authority, namely section 4305 of the Domestic Relations Code, 23 Pa.C.S. § 4305, and it appears that, as a result of that omission, the order was considered by appellee's counsel, and subsequently by the trial court, as if it actually had been issued pursuant to section 4308.1.

because section 4308.1 is a specific, rather than a general statute, and was enacted after section 4305 (in 2006). Under Pennsylvania law, if two provisions of a statute are in conflict, the special provisions shall prevail unless the general provision was enacted later and was intended to prevail:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. . . .

[DPW's] argument would essentially nullify section 4308.1. If section 4305 were interpreted to prevail over section 4308 to authorize the seizure of all judgments regardless of the monetary amount, then no purpose would have been served in enacting section 4308.1, limiting the power of the domestic relations section to seize judgments to [sic] awards in excess of $5,000. It cannot be said that section 4308.1 was enacted without a purpose.

Trial Court Opinion, August 28, 2008, pp. 5–6.

■ ¶ 6 As is apparent from the above excerpt, the analysis of the trial court was grounded in its belief that the germane statutory provisions were in conflict, and that that conflict was irreconcilable. We, however, do not view the provisions as in conflict, and are compelled to reverse the decision of the trial court.

■ ¶ 7 The threshold distinction between the two sections is that section 4308.1, by its explicit terms, imposes a lien "by operation of law" upon the recovery of a monetary judgment in excess of $5,000. Consequently, the lien attaches immediately upon the recovery by the obligor, with no action by the obligee, here DPW, required.[6] Thus, section 4308.1 is a separate

---

**6.** Section 4308.1 places an affirmative duty upon the obligor who receives a monetary judgment to (1) advise his or her attorney to hold that qualifying property in trust, and satisfy any outstanding arrears, or (2) advise the payor of the settlement amount to first satisfy the obligor's support arrears prior to distributing the remainder of the settlement amount. The statute provides in relevant part:

> **(b) General procedure.**—. . . [B]efore the prevailing party or beneficiary can receive the proceeds of a monetary award, the prevailing party or beneficiary shall provide his attorney with a statement made subject to 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities) that includes the prevailing party's or beneficiary's full name, mailing address, date of birth and Social Security number. The prevailing party or beneficiary shall also provide his attorney with written documentation of ar-

rears from the Pennsylvania child support enforcement system website or, if no arrears exist, written documentation from the website indicating no arrears. The attorney shall obtain a copy of the prevailing party or beneficiary's statement and a lien report from the website at the time of the delivery of the release; the lien report shall be dated within 20 days of the date of the delivery of the release. In the event that there are arrears, the attorney shall make payment of any lien to the department's State disbursement unit from the net proceeds of any monetary award.

> **(c) Pro se actions.**—If the prevailing party or beneficiary is not represented by an attorney, he shall provide the statement and written documentation of arrears or no arrears . . . to the insurer or other paying agent responsible for distribution of the monetary award who shall make payment of any lien or disputed lien amount, as described in subsection (h) [related to the

device intended to insure that an obligor notifies the "Pennsylvania child support enforcement system" of any new or unexpected assets. By contrast, the statutory powers granted pursuant to section 4305 to a designated "domestic relations" agent, here the Office of the Philadelphia District Attorney acting on behalf of DPW, permit that designee to affirmatively act to collect arrears *in any amount,* without regard to a statutory minimum sum, from defaulting obligors by, *inter alia,* issuing orders "[i]ntercepting or seizing judgments or settlements." 23 Pa.C.S. § 4305(b)(10)(ii). Consequently, the two sections are not irreconcilable, but are complementary measures designed to achieve the overarching public policy goal of insuring the collection of support arrears.[7]

¶ 8 Order reversed. Case remanded for proceedings consistent with this Opinion.

establishment of escrow accounts] to the department's State disbursement unit from the net proceeds of any monetary award. *See:* 23 Pa.C.S. § 4308.1(b), (c).

7. *See generally:* Section 4366 contained in the Support Chapter of the Domestic Relations Code, 23 Pa.C.S. § 4366, which provides, in relevant part:

[O]ther provisions of this chapter [Chapter 43, referring to Support Matters Generally] do not remove from the [obligee] the rights to any other existing remedies to enforce a support order, including, but not limited to, the right of the [obligee] to institute proceedings against the real or personal property of the [obligor].

23 Pa.C.S. § 4366.